## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:20-cr-112 |
| v. | : | Judge Michael R. Barrett |
| ANDREQIO STEVENS, | : | **ORDER DENYING** |
| | | **MOTION FOR** |
| Defendant. | : | **COMPASSIONATE RELEASE** |

This matter is before the Court on the May 25, 2022 letter (Doc. 70, docketed 06/06/22) from Defendant Andreqio Stevens, as well as his pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 71, docketed 06/06/22).  Defendant is currently housed at FTC Oklahoma City, with a projected release date of November 6, 2024.  "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate loc/ (last visited 06/08/2022).[1]

### I.    BACKGROUND

On May 21, 2021, Defendant pled guilty to a single count of possession (by a prohibited person) of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  (Docs. 46, 47).  On November 10, 2021, the undersigned sentenced Defendant to a term of 60 months of imprisonment, with credit for time served, followed by three years of supervised release.  (Docs. 57, 59, 62).[2]

---

[1] Defendant was incarcerated at McCreary USP at the time he posted his letter and filed his motion.  (*See* Doc. 70 PAGEID 531).

[2] At Defendant's request, the Clerk filed a notice of appeal (Doc. 60) with the United States Court of Appeals for the Sixth Circuit, which remains pending.  *See United States of America v. Andreqio Stevens*, No. 21-4065.

After he pled guilty but before imposition of sentence, Defendant filed a "compassionate release" motion.  (Doc. 55, docketed 09/07/21).[3]  At that time, as would be expected, Defendant had not yet been committed to the custody of the Bureau of Prisons ("BOP"),[4] rendering his motion premature.  Once Defendant was sentenced, the Clerk, as is customary, terminated any pending motions at that time, including Defendant's pro se motion for "compassionate release".

Now is BOP custody, Defendant recently inquired about the status of his pro se motion. (Doc. 68, docketed 04/26/22).  In an Order dated April 27, 2022, the undersigned instructed Defendant to "file a motion with proof of exhaustion (or lapse) of his administrative remedy and supporting medical records (to include his vaccination status) attached."  (Doc. 69 PAGEID 528). Defendant responded with a letter (Doc. 70) and a motion (Doc. 71).

## II.    DISCUSSION

### A. Availability of Compassionate Release

Pertinent here, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)).

---

[3] In it, Defendant asked to be released to "home confinement" based on "the worsening global pandemic of the new Covid 19 Delta Virus and the risk posed" to him with diabetes and hypertension.  (Doc. 55 PAGEID 446–47).

[4] Defendant was detained at the Butler County Jail, in the custody of the United States Marshals Service.

Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

In support of exhaustion, Defendant attaches a copy of the Warden's April 8, 2022 response denying Defendant's Request for Administrative Remedy (which appealed the Warden's March 10, 2022 denial of Defendant's request for compassionate release). (Doc. 71-1). Thus, the Court is satisfied as to the fact of exhaustion and can proceed to the merits of Defendant's motion.

## B. No Extraordinary or Compelling Reasons Support Defendant's Release

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). A three-step inquiry is necessary. *Id.* at 1101. "[A]t steps one and two of the § 3582(c)(1)(A) inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements[5] issued by the Sentencing Commission." *Id.* at 1109 (emphasis in original). *Jones* clarifies that "the passage of the First Step Act rendered [U.S.S.G.] § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[6] "Until the Sentencing Commission updates § 1B1.13 to reflect the First

_____

[5] The policy statement of the Sentencing Commission appears at Section 1B1.13 of the Guidelines. The Commentary to § 1B1.13 describes several ways that a defendant can demonstrate an "extraordinarily and compelling" reason, but only one concerning medical conditions unrelated to advanced age. U.S.S.G. § 1B1.13 cmt. n.1(A). As will be discussed, the Sentencing Commission's policy statement was not amended after the enactment of the First Step Act, which now allows a defendant to file a motion for compassionate release. Rather, it still speaks only to determinations by the Director of the BOP in the rare instance in which he would file such a motion with a court.

[6] In *Jones*, the Sixth Circuit panel ultimately upheld the district court's denial of compassionate release by concluding that the trial judge's assessment of the § 3553(a) factors did not constitute an abuse of discretion. 980

Step Act, district courts have **full discretion** in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* (emphasis added). In other words, "federal judges may skip step two of the § 3582 inquiry[.]" *Id.* at 1111. Assuming an extraordinary and compelling reason is found, step three then requires consideration of the applicable sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 1106 (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)).

Considering the unique circumstances surrounding the coronavirus pandemic, numerous courts initially concluded that "'extraordinary and compelling reasons' exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19." *See, e.g., United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (collecting cases).[7] Type 2 diabetes is one such condition. *See* "People With Certain Medical Conditions," Centers for Disease Control and Prevention (May 2, 2022) available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 06/08/2022) ("Having either type 1 or type 2 diabetes can make you more likely to get very sick from COVID-19."). Review of the BOP Health Services records submitted by Defendant confirm a diagnosis of type 2 diabetes mellitus, but it is unclear whether

---

F.3d at 1111–16. But because the trial judge assumed for the sake of argument that extraordinary and compelling reasons would support a reduction in sentence, the *Jones* concurrence observed that the majority's discussion of § 1B1.13 was unnecessary to the decision. *Id.* at 1116–17. Subsequently, though, the Sixth Circuit made its position clear. "[W]e hold that § 1B1.13 is **not** an applicable policy statement for compassionate-release motions brought directly by inmates, and so **district courts need not consider it** when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (emphasis added). The Fourth, Fifth, Seventh, Ninth, and Tenth Circuits also have reached the conclusion that § 1B1.13 is inapplicable to inmate-filed compassionate release motions. *See United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797, 799–802 (9th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

[7] This standard, coupled with an examination of the prison's infection rates, was approved in—though not mandated by—the panel in *Elias*. 984 F.3d at 520–21.

his condition is controlled with medication (or other treatment).  They also confirm a diagnosis of hypertension (high blood pressure), qualified by the CDC as only a *possible* risk.  *Id.* ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get very sick from COVID-19.").  As with his type 2 condition, it is unclear whether medication (or other treatment) to control his hypertension has been prescribed for Defendant and, if so, whether he is compliant with the regimen.  The Court notes, however, that despite his claim (*see* Doc. 70 PAGEID 529) that he is not getting "proper treatment" such than he "feel[s] scare[d] for [his] life[,]" Defendant was a "no show" to have his blood pressure checked on May 4, 2022 and "refused" a check on May 18, 2022. (Doc. 71-2 PAGEID 535).[8]

Regardless, Defendant's BOP Health Services records confirm that he received a first dose of the COVID-19 Pfizer-BioNTech vaccine on May 17, 2022 (*see id.* PAGEID 538) and the Court is confident that a second dose was (or will be) timely offered.  This circumstance "substantially undermines" Defendant's request for a sentence reduction.  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) ("Accepting the serious nature of Traylor's alleged medical conditions [including diabetes], her argument is foreclosed by our recent holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting sentence reduction.'") (quoting *Lemons*).

In line with *Lemons*, then, because Defendant is (or is on course to be) fully vaccinated, the undersigned fails to find that his type 2 diabetes and hypertension, whether or not controlled

---

[8] Defendant's BOP records additionally list a diagnosis of pain (unspecified) in his right knee. (Doc. 71-1 PAGEID 537). Yet this diagnosis in no way supports Defendant's claim (*see* Doc. 70 PAGEID 529) that he has "a leg injury that I need surgery on[.]"

by medication (or other treatment), constitute an extraordinary and compelling reason to support a sentence modification under § 3582(c)(1)(A).

### III.    CONCLUSION

Having found no extraordinary and compelling reasons in support of a sentence reduction, the compassionate release analysis ends.[9]   Accordingly, Defendant Andreqio Stevens' pro se motion for compassionate release (Doc. 71) is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[9] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519 (citing *Jones*, 980 F.3d at 1108 & *Ruffin*, 978 F.3d at 1006); *see Traylor*, 16 F.4th at 487 ("[B]ecause the district court determined that there was no extraordinary and compelling reason to grant [Defendant's compassionate release] motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction.") (citing *Elias*).